UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHENA HICKMAN,<br><br>　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>META PLATFORMS, INC.,<br><br>　　　　　　　　Defendant. | 25-CV-4607 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Homestead, Florida, but may be temporarily in New York, New York, brings this *pro se* action alleging that her former employer, Meta Platforms, Inc. ("Meta"), discriminated and retaliated against her on the basis of her race, color, sex, national origin, and age in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"). Plaintiff names Meta, which is located in Menlo Park, California, as the sole defendant. For the following reasons, this action is transferred to the United States District Court for the Northern District of California.

## DISCUSSION

Title VII includes a venue provision, which provides that claims may be brought

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

By contrast, claims brought under the ADEA are governed by the general venue statute, 28 U.S.C. § 1391. *See, e.g.*, *Holmes v. Romeo Enters., LLC*, No. 15-CV-3915 (VB), 2015 WL

10848308, at *3 (S.D.N.Y. Nov. 2, 2015). Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that she was employed by Meta in Burlingame, California, from October 2017 to October 2018. She further alleges that Meta resides in Menlo Park, California. Burlingame and Menlo Park are both located in San Mateo County, which falls within the Northern District of California. *See* 28 U.S.C. § 84(a). Although the complaint is difficult to understand, Plaintiff appears to allege that Meta discriminated against her in San Mateo County and continued to retaliate against her over the next seven years in various locations throughout California, Florida, and New York, including in this District.[1]

Venue is proper for Plaintiff's Title VII claims in the Northern District of California because the alleged employment discrimination occurred in San Mateo County, and because any

---

[1] This District, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

employment records likely located in Meta's San Mateo County office. *See* 42 U.S.C. § 2000e-5(f)(3). To the extent that the alleged events occurring in Florida and New York are part of the alleged unlawful employment practice, district courts in Florida and this District may also be proper venues for Plaintiff's Title VII claims. *See id.*

With respect to Plaintiff's ADEA claims, venue is proper under Section 1391(b)(1) in the Northern District of California, where Meta resides. Although Plaintiff alleges that some events occurred in this District, a large majority of the events giving rise to her claims appear to have occurred in either San Mateo County, California or Florida. Venue for her ADEA claims is therefore proper under Section 1391(b)(2) in the Northern District of California or in a district court in Florida.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. Venue for Plaintiff's Title VII and ADEA claims is proper in the Northern District of California, where Meta resides, Plaintiff was employed, the relevant employment records are maintained and administered, and many of the underlying events occurred. It is also reasonable to expect that witnesses would be located in the Northern District of California. Moreover, a search of the Public Access to Court Electronic Records ("PACER") database shows that Plaintiff previously filed an action against Meta in the Northern District of California in which she raised similar claims. *See Hickman v. Facebook/Meta*, No. 4:24-CV-7470 (N.D. Cal. Dec. 26, 2024) (dismissing the action as frivolous), *appeal dismissed as frivolous*, No. 25-45 (9th Cir. Mar. 26, 2025). The Northern District of California appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of California. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of California. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

Decisions with respect to Plaintiff's application for the court to request *pro bono* counsel (ECF 4) and her other motions (ECF 4, 8, 10) are left to the transferee court. The Clerk of Court is directed to terminate all pending motions.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 11, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge